UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-7321 CAS (PLAx) | Date | May 16, 2013 |
|---|---|---|---|
| Title | HENRY ANTHONY WILLIAMS V. COMMISSION OF INTERNAL REVENUE | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION (Docket #21, filed April 19, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of May 20, 2013 is vacated, and the matter is hereby taken under submission.

Plaintiff filed the instant action on August 24, 2012 against the United States, the Commissioner of the Internal Revenue Service ("IRS"), and the California Franchise Tax Board. Plaintiff's complaint asserts tort claims against the United States and a claim under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). On April 19, 2013, defendants filed a motion to dismiss this case for lack of subject matter jurisdiction. No opposition has been filed. For the reasons explained below, defendants' motion is granted.

A "complaint that is 'obviously frivolous' does not confer subject matter jurisdiction. . . ." Franklin v. Murphy, 745 F.3d 1221, 1227 n. 6 (9th Cir. 1984) (citing Hagans v. Levine, 415 U.S. 528, 536–37 (1974)); see also Neitzke v. Williams, 490 U.S. 319, 327 n. 6 (1989); Bell v. Hood, 327 U.S. 678, 681–82 (1946); Franklin v. Oregon Welfare Div., 662 F.2d 1337, 1342–43 (9th Cir. 1981). Dismissal for lack of subject matter jurisdiction is proper when the federal claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (citations and quotations omitted). Moreover, dismissal for lack of subject matter jurisdiction may occur sua sponte. Fiedler v. Clark, 714 F.2d 77, 78 (9th Cir. 1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-7321 CAS (PLAx) | Date | May 16, 2013 |
| Title | HENRY ANTHONY WILLIAMS V. COMMISSION OF INTERNAL REVENUE | | |

  Plaintiffs' complaint contains a jumble of allegations regarding conduct of the IRS beginning in 2004, but no cognizable claim of wrongdoing. Plaintiff references 26 U.S.C. §§ 7431, 7433 in his complaint, which permit civil actions against the United States for damages arising out of unauthorized disclosure of information and collection activities. Plaintiffs does not allege any unlawful collection activities, however, but only mentions assessments, which do not come within the scope of § 7433. See, e.g., Wesselman v. United States, 501 F. Supp. 2d 98, 101 (D.D.C. 2007) ("Section 7433 does not give the Court jurisdiction over claims that the IRS has incorrectly determined the amount of taxes owed or any other claims that do not directly arise from the IRS's collection activities."). Similarly, the only alleged unlawful disclosure alleged in the complaint is disclosure of information to the California Franchise Tax Board, but "it is clear that disclosure to state officials is permitted for purposes of state tax administration and to collect taxes owed to the state governments under their income tax laws." Gouch v. California Franchise Tax Bd., 2009 WL 2957284, at *2 (N.D. Ga. 2009). Finally, plaintiff's claim under FOIA is so insubstantial that it does not involve a federal controversy because it alleges nothing more than that plaintiff requested information from the IRS and the IRS, in fact, responded; no allegations explain the nature of plaintiff's grievance related to FOIA.

  The manifest insubstantiality of the present complaint deprives this Court of subject matter jurisdiction, so the Court therefore orders that the instant action be DISMISSED.

  IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |